## HUBBARD v. HUBBARD.
No. 15685.
Circuit Court, Pinellas County.
July 11, 1972.

Virginia Anne Church of Church & Reed, Clearwater, for the plaintiff.

Leon Whitehurst, Jr., Clearwater, for the defendant.

CHARLES M. PHILLIPS, Jr., Circuit Judge.

This cause having been heard on defendant's petition for modification of final judgment and the court having considered the testimony of the parties adduced in open court and the argument of counsel and being advised in the premises, the court finds that although the husband's gross income has decreased between the time when the parties were living together and the present, nevertheless such decrease was caused by the voluntary change in the husband's career and such decrease could have been reasonably anticipated by the husband at the time of the entry of the final judgment; in addition present income of the husband is still sufficient to meet the obligations to his family embraced in the final judgment.

The court further finds that the wife is in satisfactory health and is qualified as a registered nurse so that she has the obligation to secure employment within the reasonably near future which employment is consistent with the requirements of the children for their care and maintenance.

It is further found that even though the written agreement of the parties was made and the final judgment entered prior to the enactment of the "No Fault" divorce law nevertheless the theories of the new law are applicable so that alimony shall be adjustable so as to be rehabilitative in nature rather than constituting a lifetime pension.

It is therefore ordered and adjudged that the defendant husband's petition for modification of final judgment is denied, but subsequent petitions to reduce or terminate alimony will be entertained by the court and will be disposed of as may be appropriate considering the wife's opportunity to rehabilitate herself and considering all other matters appropriate to the law.

It is further ordered that the defendant husband shall pay to the firm of Church & Reed the sum of $150 toward the wife's attorney's fees for the defense of this action.